**No. 59620.**—National Carloading Corporation *v.* United States, protest 211221–K, 4651 (Chicago).

Mollison, Judge: The merchandise the subject of this protest is described on the invoice as "Bamboo Poles—9 ft. 2 sections" and was assessed with duty at the rate of 55 per centum ad valorem under the provision in paragraph 1535 of the Tariff Act of 1930 reading as follows:

\* \* \* fishing rods and reels, and parts thereof, finished or unfinished, not specifically provided for \* \* \*.

Alternative claims are made in the protest, the claim chiefly relied upon being for duty at the rate of 45 per centum ad valorem under the provision in said paragraph 1535 for—

\* \* \* all other fishing tackle and parts thereof \* \* \* finished or unfinished, not specially provided for \* \* \*.

Claims for duty at the rate of 45 per centum ad valorem under the provision in paragraph 409 of the said act for—

\* \* \* all articles not specially provided for, wholly or partly manufactured of \* \* \* bamboo \* \* \*

and for free entry under the provision in paragraph 1806 of the said act for—

Sticks of \* \* \* bamboo \* \* \* not specially provided for, in the rough, or not further advanced than cut into lengths suitable for sticks for \* \* \* fishing rods \* \* \*

were also pressed.

Two samples representative of the merchandise involved are before us as plaintiff's collective exhibit 1. Each consists of two pieces of bamboo of approximately equal length, one thicker than the other. Each piece tapers, and the narrower end of the thicker piece is bound with what appears to be thread, held

in place with what appears to be green paint, but which may be some sort of glue. The narrower end of the thicker piece is hollowed out for a couple of inches and receives the wider end of the thinner piece to make one long stick. The narrower end of the thinner piece has a small, round, brass eye held in place by thread and paint or glue.

It is the plaintiff's primary contention that the imported articles are fishing poles, as distinguished from fishing rods, and are, consequently, not within the purview of the provision for "fishing rods," under which assessment was made. It is at once apparent that this contention is inconsistent with the alternative claim made under paragraph 1806 for bamboo sticks, not further advanced than cut into lengths suitable for sticks for fishing *rods*. Inasmuch, however, as it appears by reason of the thread-wound and painted ends and the insertion of the brass eye that the imported articles are further advanced than cut into lengths, it seems clear that the alternative claim under paragraph 1806 is untenable and will not be further considered.

At the trial, plaintiff offered evidence tending to establish that, commercially, fishing poles are, and "from time immemorial" have been, distinguished from fishing rods, and that the articles at bar are within the commercial understanding of fishing poles, but not of fishing rods. Other evidence tended to establish that fishing poles are suitable only for still fishing, while rods are suitable for fly and other casting operations.

In the brief filed in its behalf, plaintiff's counsel points out that various lexicographers support the idea of a distinction between fishing poles and fishing rods, by maintaining two separate definitions. As an example, Webster's New International Dictionary, in editions from 1934 to 1954, contains the following:

**fishing pole.** A slender tapering pole to which a line is attached, used in fishing.

**fishing rod.** A springy tapering rod of wood, split bamboo, steel, etc., made with several joints and used in fishing.

It must be admitted, however, that a careful reading of the foregoing and a comparison with plaintiff's collective exhibit 1 and reference to the testimonial evidence would tend to show some points of similarity between the latter and the definition of "fishing rod" as well as of "fishing pole." For example, while the articles at bar do not have "several joints," they do have one joint, and both the testimony and an examination of the exhibits show that they are, to a certain extent, at least, "springy."

However, both the evidence offered in the case at bar and common knowledge indicate that fishing poles are a rather simple, rudimentary type of fishing equipment, while fishing rods are more elaborately made products, having features of greater convenience in their use, such as jointed construction, and provision for handles and reel seats. The exact line of demarcation between fishing poles and rods might in some cases be difficult to determine, but we are of the opinion that the bamboo articles at bar do not approach the borderline between the two and are well within the category of "poles" and outside the designation of "rods." The only feature of the article at bar which bears some similarity to the features of fishing rods is the rather crude joint provision, but this, we think, does not alter its basic character sufficiently to bring it within the scope of the term "fishing rods."

The Century Dictionary, 1889, defines "fishing tackle" as—

An angler's outfit; angling-gear; the hooks, lines, rods, and other implements of the art of fishing.

and Funk & Wagnalls New Standard Dictionary, 1942, similarly describes it as—

The lines, rods, hooks, etc., used in fishing; angling-gear.

It would, therefore, appear that "fishing tackle" is a collective term, embracing all of the gear or equipment used in fishing. Counsel for the defendant, however, cites the case of *Fenton* v. *United States*, 1 Ct. Cust. Appls. 529, T. D. 31546, so holding, but limiting the term as it appeared in paragraph 165 of the Tariff Act of 1909 only to such as was in a condition to be used, i. e., tackle in a finished condition. Defendant's counsel suggests that the articles at bar are not ready for the angler's use and, consequently, are not "fishing tackle," in accordance with the holding of the *Fenton* case, *supra*.

We do not find anything in the evidence to indicate that, as imported, the articles at bar are not ready for the angler's use, but regard the point as immaterial, in view of the fact that the provision for "fishing tackle" in the present act covers such articles whether "finished or unfinished."

As used in paragraph 1535, where it is coupled with a "not specially provided for" clause, the provision would include fishing poles and is relatively more specific in its application to the merchandise at bar than the alternatively claimed provision in paragraph 409 for bamboo articles.

Judgment will, therefore, issue sustaining the protest claim for duty at the rate of 45 per centum ad valorem under the provision in paragraph 1535 for fishing tackle.